**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cv-22921-KMM

JOANNE KENDALL,

      Plaintiff,

v.

CARNIVAL CORPORATION,
A Panamanian Corporation d/b/a
carnival cruise lines,

      Defendant.

_____/

**<u>ORDER</u>**

THIS CAUSE came before the Court upon Defendant Carnival Corporation's ("Defendant") Motion to Dismiss. ("Motion" or "Mot.") (ECF No. 11). Plaintiff Joanne Kendall ("Plaintiff") filed a response. ("Resp.") (ECF No. 13). Defendant filed a reply. ("Reply") (ECF No. 17). Because the Court finds that Plaintiff does not state a claim upon which relief can be granted, the Court GRANTS Defendant's Motion and DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE. ("Compl.") (ECF No. 1).

## I.    FACTUAL BACKGROUND

On June 6, 2022, Plaintiff boarded the Carnival "Sunrise" vessel as a fare paying passenger. Compl. ¶ 13. That same day, Plaintiff tripped over "an unmarked, uneven, and unexpected change in the slope or elevation of the floor surface" of the mid-ship hallway on Deck 1. *Id.* ¶ 14. According to Plaintiff, there were no signs or markings warning her of the alleged dangerous condition. *Id.* Plaintiff further alleges that Defendant knew or should have known that the uneven and/or sloped condition of the mid-ship hallway in Deck 1 presented a tripping hazard for

passengers. *Id.* ¶ 17. As a result of the slip-and-fall, Plaintiff alleges that she sustained "serious injuries." *Id.*

Plaintiff brings four counts: (1) negligent maintenance; (2) negligent failure to correct known dangerous condition; (3) negligent failure to warn; and (4) negligent design, construction, and/or selection of materials. *See* Compl. Defendant seeks dismissal of each claim. *See* Mot.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

2

## III.   DISCUSSION

Defendant argues that the Complaint should be dismissed in its entirety.  *See generally* Mot.  Specifically, Defendant argues that Plaintiff cannot maintain a negligence claim pursuant to general maritime law because Plaintiff has not sufficiently alleged that Defendant had notice of the allegedly dangerous condition.  *See id.* at 3–7.  For the same reason, Defendant argues that Plaintiff's negligent design claim must also fail.  *See id.* at 7.  Lastly, Defendant argues that Plaintiff's negligent maintenance claim is duplicative and should be dismissed with prejudice.  *See id.* at 7–8.

As an initial matter, Plaintiff's negligence claim arises under general maritime law "because the alleged tort was committed aboard a ship sailing in navigable waters."  *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citations omitted).  "In analyzing a maritime tort case, [the Court] relies on general principles of negligence law."  *Chapparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (internal quotations omitted).  Accordingly, at the motion to dismiss stage, a plaintiff must plead facts sufficient to plausibly allege that:  "(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm."  *See id.*; *see also Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019).

In the maritime context, a plaintiff must also demonstrate that "the [shipowner] [] had actual or constructive notice of [a] risk-creating condition."  *Keefe*, 867 F.2d at 1322.  Actual notice exists when the Defendant knows about the dangerous condition.  *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022).  In contrast, constructive notice exists where "the shipowner ought to have known of the peril to its passengers" because the "hazard [had] been present for a

3

period of time so lengthy as to invite corrective measures." *Keefe*, 867 F.2d at 1322.  Constructive notice may also exist where a plaintiff demonstrates that substantially similar incidents occurred under substantially similar conditions.  *Guevara*, 920 F.3d at 720.

Here, Plaintiff alleges three ways in which Defendant had notice of the allegedly dangerous condition:   (1) there have been six prior trip and fall incidents involving similar changes in elevation in the interior of a Carnival vessel, one occurring on the Carnival Sunrise and five occurring on other vessels; (2) the dangerous condition existed for a length of time such that Defendant knew or should have known of the dangerous condition; and (3) Defendant allegedly violated industry standards relating to similar passenger walkways and changes in elevation. Compl. ¶¶ 16–18.  The Court rejects each argument.

As to the first argument, Plaintiff argues that Defendant had constructive notice of the allegedly dangerous condition because the other identified accidents were "substantially similar" to the one Plaintiff suffered.  *See* Resp. at 3 (citations omitted).  Indeed, a party "may establish constructive notice 'with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 WL 1215196, at * 4 (11th Cir. 2022) (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 721 (11th Cir. 2019)).  The substantial similarity standard does not require identical factual circumstances among the accidents; instead, the accidents must only be "similar enough to allow the jury to draw a reasonable inference" regarding the cruise ship operator's ability to foresee the accident at hand.  *Id.*  But it is precisely at this point—identifying substantially similar incidents—where Plaintiff fails.

In the Complaint, Plaintiff identifies six purported incidents which it avers are substantially similar.  Compl. ¶ 16.  Therein, Plaintiff asserts the following:

4

a.  On June 27, 2016, cruise passenger M.R. tripped and fell on an uneven and/or sloped, carpeted passenger hallway on the M/S "SUNSHINE".

b.  On September 4, 2016, cruise passenger J.R. tripped and fell on an uneven and/or sloped common passenger hallway on the M/S "VISTA."

c.  On October 22, 2016, cruise passenger C.D. tripped and fell on an uneven and/or sloped, carpeted passenger hallway on the M/S "VALOR."

d.  On January 12, 2019, cruise passenger J.C. tripped and fell on an uneven and/or sloped, carpeted passenger hallway leading to her cabin on the M/S ["]HORIZON.["]

e.  On April 1, 2019, cruise passenger A.H. tripped and fell  on an uneven and/or sloped, carpeted passenger hallway leading to her passenger cabin on the M/S "VICTORY" (now known as the M/S "RADIANCE").

f.  On August 24, 2019, cruise passenger W.C. tripped and fell on an uneven and/or sloped, carpeted passenger hallway leading to her cabin on the M/S "DREAM."

*Id.* (citations omitted).  Aside from these descriptions, Plaintiff provides no other facts about the other alleged substantially similar incidents.  *See generally id.*

Without any specific factual allegations, the Court cannot conclude that any of these incidents were substantially similar to the accident in this case.  First, only one of these other incidents occurred on the Sunshine vessel.  *Id.* ¶ 16(a).  While that earlier incident allegedly occurred on a carpeted surface, the Complaint entirely fails to allege any other facts to demonstrate

that the incident was substantially similar to the one in this case. *See id.* Regarding this allegedly similar incident, the Court is left to wonder: Was the dangerous condition similar or the same to the one here? Where and how did the accident occur? Were there warnings about the change in slope? Did the accident occur in a high-traffic area? Did Defendant take any precautionary actions? The list goes on. Plaintiff's similarly vague assertions about five other incidents on entirely different vessels fare no different.

To accept Plaintiff's argument would require this Court to hold that a cruise ship operator has constructive notice of a dangerous condition when, over the course of seven years and across multiple vessels, six individual suffered injuries when they fell due to an uneven and/or sloped cruise ship hallway. Such a holding would constitute a great deviation from Eleventh Circuit precedent requiring a plaintiff to show substantially similar accidents to the one at issue to demonstrate constructive notice, particularly when, as here, the Court has no other facts from which it can analyze the factual similarities (or lack thereof) of the multiple accidents. *Holland,* 50 F.4th at 1096. Thus, the Court finds that Plaintiff has failed to plead any facts demonstrating that the prior incident on the Sunshine vessel, or the other unrelated vessels, are sufficient to provide constructive notice of the allegedly dangerous condition in this case.

Plaintiff's next argument that Defendant had notice of the allegedly dangerous condition because of the "length of time the surface had existed in a high traffic area of the ship," *see* Compl. ¶ 17, is likewise unavailing. At the outset, the Court notes that this argument does not naturally comport to the facts of this case—typically, this argument is reserved for incidents where a transitory substance has existed for some period of time. *See, e.g., Holland*, 50 F.4th at 1095 (addressing spills on a staircase); *Keefe*, 867 F.2d at 1322 (addressing spill on cruise ship dance floor). Assuming that such a theory of establishing constructive notice is proper, Plaintiff must

6

demonstrate specific facts pertaining to how long the dangerous condition existed or that the dangerous condition existed for a sufficient period of time to create constructive notice. *See Newbauer v. Carnival Corp*. 26 F.4th 931, 936 (11th Cir. 2022). Here, Plaintiff provides no factual allegations regarding how long this condition allegedly existed prior to the accident. *See generally* Compl. Without such allegations, this theory of constructive notice fails.

Plaintiff's last argument—that Defendant had constructive notice of the dangerous condition because the condition allegedly violated industry standards—also fails. *See id.* ¶ 18. The violation of industry standards does not, in itself, establish notice of a dangerous condition. *See Francis v. MSC Cruises, S.A.*, No. 21-12513, 2022 WL 4393188, at *3 (11th Cir. 2022). While Plaintiff concedes this point, she argues that these allegations "may be used to supplement other evidence of notice and thereby support a finding of notice when the evidence is considered as a whole." Resp. at 6. As the Court noted above, Plaintiff's complaint contains almost no facts tending to demonstrate notice of the allegedly dangerous condition. *See generally* Compl. And, when Plaintiff alleges that the allegedly dangerous condition violated industry standards, she also fails to identify which industry standards were violated, how and when Defendant allegedly violated them, and what relation the industry standards have to the dangerous condition in this case. *See generally id.* Thus, even if the Court were to consider the alleged violation of industry standards, Plaintiff has failed to plead sufficient facts to demonstrate Defendant had notice of the allegedly dangerous condition.

Accordingly, because each Count of Plaintiff's Complaint requires that Defendant had either actual or constructive notice, the instant Motion is granted.[1]

---

[1] Because the Court dismisses the Complaint without prejudice, it will permit Plaintiff to amend her Complaint. Therefore, the Court does not reach the issue of whether Plaintiff's Count I and Count II are duplicative.

**IV.    CONCLUSION**

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 11) is GRANTED.  Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.  Plaintiff may amend its Complaint to address the aforementioned deficiencies by January 6, 2024.

DONE AND ORDERED in Chambers at Miami, Florida, this _7th_ day of December, 2023.

_K. M. Moore_

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record